JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHIRRELLE ROBERTSON, | Case No. CV 16-7533 FMO (RAOx) |
| Plaintiff, | |
| v. | **ORDER REMANDING ACTION** |
| CVS PHARMACY, INC., et al., | |
| Defendants. | |

On September 6, 2016, plaintiff Schirrelle Robertson ("plaintiff" or "Robertson") filed a Complaint for Damages and Equitable Relief in the Los Angeles County Superior Court against CVS Pharmacy, Inc. ("CVS") and Aida Campos ("Campos") (collectively, "defendants"). (See Dkt. 1, Notice to Federal Court of Removal of Civil Action from State Court ("NOR") at ¶ 3; Dkt. 1-2, Complaint for Damages and Equitable Relief ("Complaint")).  The Complaint asserts ten claims for relief under California law: (1) wrongful termination; (2) racial discrimination in violation of the California Fair Employment and Housing Act, Cal. Gov't Code § 12940, et seq. ("FEHA"); (3) harassment in violation of FEHA; (4) retaliation in violation of FEHA; (5) failure to prevent discrimination, harassment, and retaliation in violation of FEHA; (6) failure to provide accurate wage statements in violation of Cal. Labor Code § 226; (7) failure to provide meal and rest periods in violation of Cal. Labor Code §226.7; (8) wage and hour violations under Cal. Labor Code §§ 202 & 203; (9) unfair competition in violation of Cal. Bus. & Prof. Code § 17200, et seq.; and (10) intentional infliction of emotional distress. (See Dkt. 1-2, Complaint at ¶¶ 68-138).

On October 7, 2016, defendants removed the action to this court on grounds of federal question jurisdiction pursuant to 28 U.S.C. § 1331 and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). (See Dkt. 1, NOR at ¶ 1). Having reviewed and considered the pleadings[1] and all the materials submitted by defendants, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

## LEGAL STANDARD

Removal of a civil action from the state court where it was filed is proper if the action might have originally been brought in federal court. See 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"). "The burden of establishing federal jurisdiction is upon the party seeking removal[.]" Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). As such, any doubts are resolved in favor of remand. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("We strictly construe the removal statute against removal jurisdiction. Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (internal citations omitted). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## DISCUSSION

Defendants contend that "[t]his court has original jurisdiction over this matter because there is federal question jurisdiction under 28 U.S.C. § 1331[.]" (Dkt. 1, NOR at ¶ 1). "As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims." ARCO Envt'l Remediation, L.L.C. v. Dep't of Health and Envt'l Quality of Montana, 213 F.3d 1108, 1114 (9th Cir. 2000). The existence of a federal defense is not enough to justify

---

[1] After the case was removed, plaintiff filed a First Amended Complaint (Dkt. 11, "FAC"), omitting four of the claims she asserted in state court and substantively altering the alleged facts. (Compare Dkt. 11, FAC with Dkt. 1-2, Complaint). "[P]ost-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court." Williams v. Costco Wholesale Corp., 471 F.3d 975, 976 (9th Cir. 2006). Thus, the court did not consider the FAC for purposes of this Order.

removal to federal court. See Caterpillar Inc. v. Williams, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430 (1987) ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint[.]") (emphasis in original).

The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Smallwood v. Allied Van Lines, Inc., 660 F.3d 1115, 1120 (9th Cir. 2011) (quoting Caterpillar, 482 U.S. at 392, 107 S.Ct. at 2429). However, "[t]he jurisdictional doctrine of complete preemption serves as an exception to the well-pleaded complaint rule." Ansley v. Ameriquest Mortg. Co., 340 F.3d 858, 861 (9th Cir. 2003). The complete preemption doctrine "provides that, in some instances, the preemptive force of [federal statutes] is so strong that they completely preempt an area of state law." Id. at 861-62 (internal quotation marks omitted). The "proper inquiry focuses on whether Congress intended the federal cause of action to be exclusive[.]" Beneficial Nat'l. Bank v. Anderson, 539 U.S. 1, 9 n. 5, 123 S.Ct. 2058, 2064 (2003). "[O]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Caterpillar, 482 U.S. at 393, 107 S.Ct. at 2430. Complete preemption "arises only in 'extraordinary' situations." Ansley, 340 F.3d at 862.

Defendants assert that the Complaint "raises employment claims requiring substantial application and interpretation of the Collective Bargaining Agreement [("CBA")] between CVS and Plaintiff's labor union in order to . . . adjudicate her claims, at least some of which are preempted by section 301 of the LMRA." (Dkt. 1, NOR at ¶ 1). Section 301 of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

3

29 U.S.C. § 185(a). "The Supreme Court decided early on that in enacting this statute, Congress charged federal courts with a 'mandate . . . to fashion a body of federal common law to be used to address disputes arising out of labor contracts.'" Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th Cir. 2007) (quoting Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 209, 105 S.Ct. 1904, 1910 (1985)) (alteration in original). "As a result of this broad federal mandate, . . . the 'preemptive force of section 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization.'" Burnside, 491 F.3d at 1059. Yet, "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301." Kobold v. Good Samaritan Reg'l Med. Ctr., 832 F.3d 1024, 1032 (9th Cir. 2016) (internal quotation marks omitted).

To determine if a plaintiff's state law claim is preempted by § 301, the court engages in a two-step inquiry. See Kobold, 832 F.3d at 1032. First, the court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA. If the right exists solely as a result of the CBA, then the claim is preempted, and the analysis ends there." Id. (internal alteration marks omitted). To make this determination, the court "must focus its inquiry on the legal character of a claim[.]" Id. at 1033 (internal quotation marks omitted; emphasis in original). "A claim brought in state court on the basis of a state-law right that is independent of rights under the collective-bargaining agreement, will not be preempted, even if a grievance arising from precisely the same set of facts could be pursued." Valles v. Ivy Hill Corp., 410 F.3d 1071, 1076 (9th Cir. 2005) (internal quotation marks omitted).

Second, "[i]f the court determines that the right underlying the plaintiff's state law claim(s) exists independently of the CBA, it moves to the second step, asking whether the right is nevertheless substantially dependent on analysis of a collective-bargaining agreement." Kobold, 832 F.3d at 1032 (internal quotation marks omitted). This analysis "turns on whether the claim can be resolved by 'looking to' versus interpreting the CBA. If the latter, the claim is preempted; if the former, it is not." Id. at 1033 (internal quotation and alteration marks omitted). "The plaintiff's claim is the touchstone for this analysis; the need to interpret the CBA must inhere in the nature of the plaintiff's claim." Cramer v. Consol. Freightways, Inc., 255 F.3d 683, 691 (9th Cir. 2001),

cert. denied, 534 U.S. 1078 (2002). "[A]lleging a hypothetical connection between the claim and the terms of the CBA is not enough to preempt the claim: adjudication of the claim must require interpretation of a provision of the CBA." Id. at 691-92.

Defendants do not dispute that plaintiff's claims are all grounded in state law. (See Dkt. 1-2, Complaint at ¶¶ 68-138; see, generally, Dkt. 1, NOR). Defendants also concede that the Complaint does not, at any point, refer to or rely on any provision of the CBA. (See Dkt. 1, NOR at ¶ 18; see, generally, Dkt. 1-2, Complaint). It is well-settled that, if a plaintiff's claims are "plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense." Kobold, 832 F.3d at 1033 (internal alteration marks omitted). Because defendants are essentially relying on a defensive use of the CBA, there is no preemption here. See id.; see also Burnside, 491 F.3d at 1060 ("[R]eliance on the CBA as an aspect of a defense is not enough to 'inject[] a federal question into an action that asserts what is plainly a state-law claim.'"); Humble v. Boeing Co., 305 F.3d 1004, 1008 (9th Cir. 2002) ("[D]efensive reliance on the terms of the CBA, mere consultation of the CBA's terms, or a speculative reliance on the CBA will not suffice to preempt a state law claim.").

Despite the fact that plaintiff asserts only state law claims, defendants argue that "[p]reemption is proper in this case because Plaintiff's claims are substantially dependent upon the Court's review, interpretation and analysis of the applicable CBA." (Dkt. 1, NOR at ¶ 22). But defendants do not identify any provisions of the CBA that require interpretation. (See, generally, Dkt. 1, NOR). Rather, defendants merely point to CBA provisions that may be relevant to the litigation, but which are neither disputed by the parties nor complex enough to require interpretation as opposed to simple application. (See id. at ¶¶ 27-35). "When the parties do not dispute the meaning of contract terms, the fact that a CBA will be consulted in the course of state law litigation does not require preemption." Ward v. Circus Circus Casinos, Inc., 473 F.3d 994, 998 (9th Cir. 2007); see also Livadas v. Bradshaw, 512 U.S. 107, 125, 114 S.Ct. 2068, 2079 (1994) (holding that "the mere need to 'look to' the collective-bargaining agreement . . . is no reason to hold the state-law claim defeated by § 301"); Burnside, 491 F.3d at 1060 ("[W]e know that neither look[ing] to the CBA merely to discern that none of its terms is reasonably in dispute,

nor the simple need to refer to [its terms], is enough to warrant preemption.") (internal quotation marks and citations omitted); Acosta v. AJW Const., 2007 WL 4249852, *4 (N.D. Cal. 2007) (finding action "not preempted by ERISA" where "claims for unpaid wages accrued during paid time off . . . require little more than cursory consultation with the collective bargaining agreement").

For example, defendants assert that the court will need to "interpret" the definition of "Covered Employees" in Article 2, Section A.1 of the CBA. (Dkt. 1, NOR at ¶ 27). This definition provides that "Covered Employees" include "Full-Time and part-time beauty advisors, clerks, cashiers, head cashiers, cosmeticians, merchandisers, pharmacy technicians, pharmacy lead technicians, pharmacy service associates, shift supervisors B, photo lab technicians and photo lab supervisors." (See Dkt. 2-1, CBA at Art. 2, § A.1). Defendants do not contend that plaintiff disputes whether she fits this definition, (see, generally, Dkt. 1, NOR), and the Complaint does not suggest that such a dispute exists. (See, generally, Dkt. 1-2, Complaint). Even if there was a dispute, the court would only need to make a simple determination as to whether the definition applies; no interpretation would be required, and thus preemption is not appropriate. See Ward, 473 F.3d at 998; Livadas, 512 U.S. at 125, 114 S.Ct. at 2079; Burnside, 491 F.3d at 1060.

In short, defendants have not identified any disputed terms in the CBA or any terms complex enough to require interpretation rather than mere application. (See, generally, Dkt. 1, NOR). As a result, plaintiff's action is not preempted by § 301 of the LMRA.

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill Street, Los Angeles, California 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

Dated this 31st day of October, 2016.

/s/
Fernando M. Olguin
United States District Judge